UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESSICA MOODY,                                          CASE NO.:

    Plaintiff,

v.

CITY OF FT. LAUDERDALE,
AMANDA MORENNO, and
JOHN DOE individuals, and
QUARTERDECK, PROPERTIES LC
d/b/a QUARTERDECK RESTAURANT AND

    Defendants.
_____/

## COMPLAINT

PLAINTIFF JESSICA MOONEY, by and through his undersigned counsel, files this Complaint and sues the CITY OF FT. LAUDERDALE (hereinafter "DEFENDANT FT. LAUDERDALE") AMANDA MORENO and JOHN DOE (hereinafter referred to collectively as "DEFENDANT POLICE OFFICERS"), individuals, and states:

1. This is an action for damages arising out of violations of federal law and state torts detailed below in an amount greater than $15,000.00.

2. This action is brought pursuant to 42 U.S.C. § 1983 and§ 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. The acts and practices constituting the violations alleged below have occurred

within the jurisdiction of the United States District Court, in and for the Southern District of Florida. In connection with the acts, practices and violations alleged below, DEFENDANT POLICE OFFICERS either directly or indirectly violated PLAINTIFF JESSICA MOONEY'S constitutional rights.

## PARTIES

1. Plaintiff JESSICA MOONEY [herein after "Plaintiff or Plaintiff Mooney] is a resident of Broward County, Florida and at all times material hereto, was over 18 years of age and was *sui juris*.

2. At all times material hereto, DEFENDANT FT. LAUDERDALE was a Florida municipal corporation, with principal office and place of business in Ft. Lauderdale, Broward County, Florida and was *sui juris*.

3. At all times material hereto, DEFENDANT AMANDA MORENO was an employee, law enforcement officer and agent of DEFENDANT FT. LAUDERDALE.

4. At all times material hereto, DEFENDANT JOHN DOE was an employee, law enforcement officer and agent of DEFENDANT FT. LAUDERDALE.

5. At all times material hereto, DEFENDANT AMANDA MORENO was acting under color of state law, over 18 years of age and *sui juris*.

6. At all times material hereto, DEFENDANT JOHN DOE was acting under color of state law, over 18 years of age and *sui juris.*

7. At all times material hereto, DEFENDANT QUARTERDECK, PROPERTIES LC was a Florida Limited Liability Company doing business in Broward County Florida.

8. At all times material hereto DEFENDANT QUARTERDECK, PROPERTIES LC

d/b/a QUARTERDECK RESTAURANT [hereinafter QUARTERDECK or Defendant QUARTERDECK], was a Florida Limited Liability Corporation, regularly transacting business in Fort Lauderdale, Broward County Florida. In this cause, Defendant QUARTERDECK acted through its agents, employees, and servants, including supervisory employees, and others.

9. PLAINTIFF MOONEY has agreed to pay the undersigned a reasonable fee for his services.

10. All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28(6)(a) - (d).

11. PLAINTIFF MOONEY presented her claims in writing to DEFENDANT FT. LAUDERDALE by means of a letter of demand for damages within three (3) years of the accrual of the cause of action.

12. DEFENDANT FT. LAUDERDALE never made final disposition of PLAINTIFF MOONEY'S written claims within six (6) months of their presentation.

## FACTS COMMON TO ALL

13. On or about March 24, 2016 PLAINTIFF JESSICA MOONEY family members were a customers of DEFENDANT QUARTERDECK Restaurant located at 1541 Cordova Rd. Fort Lauderdale, FL 33316

14. Plaintiff left the QUARTERDECK premises with her child with the intent of walking home.

15. Thereafter, DEFENDANT QUARTERDECK called DEFENDANT FT. LAUDERDALE and advised that the Plaintiff had failed to pay for the food and drink she consumed at the QUARTERDECK Restaurant in the amount of $63.57 in violation of §812.014 (3)(a) Florida Statutes and requested that she be arrested for said violation.

16. Thereafter, on or about March 24, 2016, at approximately 11:00 pm, PLAINTIFF JESSICA MOONEY was detained and then arrested by Ft. Lauderdale Police Officer #1715.

17. The PLAINTIFF was charged with Petit Theft in violation of §812.014 (3)(a) Florida Statutes, and Neglect Child/No Bodily Harm in violation of F.S.§827.03(3)(a)(c) and by DEFENDANT POLICE OFFICERS.

18. While in custody, PLAINTIFF MOONEY questioned the actions of DEFENDANT POLICE OFFICERS.

19. Furthermore, while inside of the DEFENDANT FT. LAUDERDALE'S police holding facility PLAINTIFF MOONEY requested the name and identification number of DEFENDANT AMANDA MORENO.

20. DEFENDANT POLICE OFFICERS responded by assaulting PLAINTIFF MOONEY punching her in the head and torso and violently throwing PLAINTIFF MOONEY to the ground with severe, violent and unnecessary force and without cause nor justification.

21. The purpose of throwing PLAINTIFF MOONEY to the ground was to cause physical harm to PLAINTIFF MOONEY and was not to protect nor defend DEFENDANT OFFICERS from any conduct by PLAINTIFF MOONEY.

22. At no time did PLAINTIFF MOONEY pose a threat in any way to DEFENDANT POLICE OFFICERS. Nor did PLAINTIFF MOONEY make any actions or gestures toward DEFENDANT POLICE OFFICERS. Nor did she resist any of the actions of DEFENDANT POLICE OFFICERS.

23. PLAINTIFF MOONEY was taken to the Broward County Jail where she remained until being released on March 26, 2016 at which point she was taken to the Emergency Room of Broward Health Medical Center where the admitting diagnosis included "head trauma" as well as

multiple bruising to her body; rib pain and bruised left eye as shown below:



24.     Throughout the time PLAINTIFF MOONEY was in contact with DEFENDANT POLICE OFFICERS they used severe, violent, excessive and unnecessary force upon PLAINTIFF MOONEY.

25.     The criminal charge of violating *F.S* §812.014 (3)(a) was subsequently dismissed when the Plaintiff produced a paid credit card receipt for the purchase. A true and correct copy of the credit card receipt is attached hereto made a part hereof and marked Exhibit "1."

26.     The criminal charge of Neglect Child/No Bodily Harm was disposed of without an adjudication.

27.     The aforementioned assault upon the PLAINTIFF JESSICA MOONEY occurred less than two weeks after she was a prosecution witness at the trial of Ft. Lauderdale Police Officer Victor Ramirez, who was accused of assaulting Bruce LaClair.

## COUNT I-
## 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT
## CIVIL RIGHTS EXCESSIVE FORCE AGAINST DEFENDANT POLICE OFFICERS

28.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 26, and further alleges:

29.     This cause of action is brought by the PLAINTIFF MOONEY against DEFENDANT POLICE OFFICERS for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

30.     At all times, DEFENDANT POLICE OFFICERS commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF MOONEY's body, actually touched PLAINTIFF MOONEY. The contact was harmful or offensive and occurred without PLAINTIFF MOONEY's consent.

31.     At all times, DEFENDANT POLICE OFFICERS commenced a course of conduct such that their actions occurred with great force and excessive use of force causing PLAINTIFF MOONEY severe bodily injury.

32.     While DEFENDANT POLICE OFFICERS was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT FT. LAUDERDALE, she subjected the PLAINTIFF MOONEY to the deprivation of the rights and privileges secured to her by the Constitution of the United States to be secure in her person against the use of excessive force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

33.     With regard to the violations of the constitutional rights of PLAINTIFF MOONEY as alleged in this count, the actions of DEFENDANT POLICE OFFICERS were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF MOONEY and were done with a reckless or callous indifference to

PLAINTIFF MOONEY's federally protected rights entitling PLAINTIFF to an award of exemplary damages against DEFENDANT POLICE OFFICERS in her individual capacity.

34.     As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT POLICE OFFICERS, PLAINTIFF MOONEY suffered mental anguish, loss of capacity for the enjoyment of life, endured suffering and aggravation of her physical and mental condition, humiliation personally, and loss of his freedom and civil rights. She suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

**WHEREFORE,** THE PLAINTIFF MOONEY demands judgment against DEFENDANT POLICE OFFICERS AMANDA MORENNO and JOHN DOE for compensatory damages, punitive or exemplary damages based upon the Defendant's evil intent to do Plaintiff harm and/or his reckless disregard of the Plaintiffs constitutional rights, move for all costs incurred and reasonable attorneys' fees pursuant to statute, 42 U.S.C. § 1983-1985, pre- and post-judgment interest, and such further necessary or proper relief the Court deems appropriate, and demand trial by jury on all issues so triable of right.

### COUNT II - BATTERY UNNECESSARY FORCE CLAIM AGAINST DEFENDANT POLICE OFFICERS

35.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 26, and further alleges:

36.     At all times relevant hereto, AMANDA MORENNO and JOHN DOE acted in bad faith and/or with malicious purpose and/or in a manner exhibiting wanton or willful disregard of human rights and safety. As such, AMANDA MORENNO and JOHN DOE are not entitled to the tort protections of Section 768.28(9)(a), Florida Statutes and is individually liable.

37. DEFENDANT POLICE OFFICERS had actual knowledge of the wrongfulness and illegality of their conduct and the high probability that Plaintiff would sustain injury or damage as a result of her actions.

38. Despite this knowledge, the DEFENDANT POLICE OFFICERS intentionally and/or maliciously committed a battery upon the Plaintiff, without legal justification, resulting in significant injury to Plaintiff.

39. DEFENDANT POLICE OFFICERS' actions were done with the intent to actually and intentionally touch or contact or strike the Plaintiff against her will.

40. DEFENDANT POLICE OFFICERS' actions constituted an unwelcomed and unconsented touching of the Plaintiffs person.

41. DEFENDANT POLICE OFFICERS, had actual knowledge of the wrongfulness and illegality of her conduct and the high probability that Plaintiff would sustain injury or damage as a result of her actions. Despite this knowledge, the Defendant intentionally and/or maliciously committed a battery upon the Plaintiff, without legal justification, resulting Plaintiff sustaining injury and damages.

42. As a proximate result of the foregoing, Plaintiff was injured in and about her body and extremities, suffered physical pain and suffering, incurred medical expenses in the treatment of her injuries and shall incur future medical costs as well, incurred expenses for psychiatric or psychological care and therapy and shall incur further costs for such care, sustained mental anguish and suffering, suffered aggravation of pre-existing medical conditions and loss of the ability to enjoy life, loss of past earnings and loss of the ability to earn money in the future. These injuries are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses and impairment in the future.

**WHEREFORE** Plaintiff JESSICA MOONEY demands judgment against DEFENDANT POLICE OFFICERS for compensatory and exemplary damages or punitive damages, costs, any further necessary or proper relief the Court deems appropriate, and demands trial by jury on all issues so triable of right

### COUNT III- BATTERY UNNECESSARY FORCE CLAIM AGAINST CITY OF FORT LAUDERDALE

43. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 26, and further alleges:

44. At all times relevant hereto, the individually named Defendants, employed as law enforcement officers with CITY OF FT. LAUDERDALE, were acting in the course and scope of their employment as police officers, without malice, without ill will or bad faith, affording the officers immunity pursuant to Florida law, and triggering liability as to CITY OF FT. LAUDERDALE, the officers' employer.

45. At all times relevant hereto, the individually named Defendants acted in the interests of their employer, and not their own; performed acts which they were hired to perform as police officers; and committed acts which were substantially within the time and space limits authorized or required by their position as law enforcement officers.

46. Should a fact finder determine that DEFENDANT AMANDA MORENO and/or DEFENDANT JOHN DOE and/or the other officer identified above was/were a legal cause of a battery which was committed upon Plaintiff, was/were acting in the course and scope of the officers' employment as police officers with the CITY OF FT. LAUDERDALE, and that the officer(s) acted without malice, without ill will or bad faith while in the course and scope of employment with CITY OF FT. LAUDERDALE, then CITY OF FT. LAUDERDALE would be responsible for the officer(s)' actions under the concept of respondent superior and pursuant to

§768.28, Florida Statutes. This being so, Plaintiff brings this count for battery against THE CITY OF FT. LAUDERDALE in the alternative to the battery counts which she has asserted against the officers in their individual capacities.

47. The individual officers acted with the intent to actually and intentionally touch or contact or strike the Plaintiff against her will.

48. At all times relevant hereto, DEFENDANT FT. LAUDERDALE and DEFENDANT POLICE OFFICERS acted in bad faith and/or with malicious purpose and/or in a manner exhibiting wanton or willful disregard of human rights and safety. As such, DEFENDANT POLICE OFFICERS, are not entitled to the tort protections of Section 768.28(9)(a), Florida Statutes and is individually liable.

49. DEFENDANT FT. LAUDERDALE and DEFENDANT POLICE OFFICERS had actual knowledge of the wrongfulness and illegality of their conduct and the high probability that PLAINTIFF MOONEY would sustain injury or damage as a result of her actions.

50. Despite this knowledge, the DEFENDANT POLICE OFFICERS, intentionally and/or maliciously committed a battery upon PLAINTIFF MOONEY without legal justification, resulting in significant injury to PLAINTIFF MOONEY.

51. At all times, DEFENDANT FT. LAUDERDALE and DEFENDANT POLICE OFFICERS commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF MOONEY's body, actually touched PLAINTIFF MOONEY. The contact was harmful or offensive and occurred without PLAINTIFF MOONEY's consent.

52. At all times, DEFENDANT FT. LAUDERDALE and DEFENDANT POLICE OFFICERS commenced a course of conduct such that their actions occurred with great force and excessive use of force causing PLAINTIFF MOONEY severe bodily injury.

53. As a direct and proximate result of the excessive use of force, PLAINTIFF MOONEY suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

54. As a further direct and proximate result of the said excessive use of force, PLAINTIFF MOONEY suffered mental anguish, endured suffering and aggravation of her physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, humiliation personally, and damage to her reputation.

**WHEREFORE,** PLAINTIFF MOONEY demands judgment against DEFENDANT CITY OF FT. LAUDERDALE for compensatory and exemplary or punitive damages, costs and such further necessary or proper relief the Court deems appropriate and demands Trial by jury as to all issues so triable of right.

## COUNT IV
## NEGLIGENCE BY QUARTERDECK

55. Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 26, and further alleges:

56. Defendant QUARTERDECK owed its customers a duty of care to refrain from falsely accusing its customers, including Plaintiff, of theft.

57. At all times material hereto, Defendant QUARTERDECK knew that the food and drink bill of $63.56 was paid by credit card. [Exhibit "1."]

58. Defendant QUARTERDECK breached its duty of care to Plaintiff by falsely advising Defendant FT. LAUDERDALE that Plaintiff walked out on the check and failed to pay for the food and beverage, when in fact, as QUARTERDECK knew or in the exercise of reasonable care should have known, Plaintiff's food and beverage bill was paid by her companion Alex Jesus Perez' credit card transaction 0324010000115.

59. As a foreseeable consequence of the conduct of Defendant QUARTERDECK, Defendant FT. LAUDERDALE arrested the Plaintiff.

60. The conduct of Defendant QUARTERDECK caused Plaintiff's false arrest/false imprisonment by Defendant FT. LAUDERDALE and Defendants JOHN DOE and AMANDA MORENNO and constitutes negligence under Florida law.

61. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

62. As a further direct and proximate result of the conduct of Defendant QUARTERDECK, Plaintiff suffered loss of her liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiffs rights.

WHEREFORE, PLAINTIFF MOONEY demands judgment against DEFENDANT CITY OF FT. LAUDERDALE for compensatory and exemplary or punitive damages, costs and such further necessary or proper relief the Court deems appropriate and demands Trial by jury as to all issues so triable of right.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: February 28, 2018

LAW OFFICE OF ROBERT A. SELIG, P.A.
Attorney for Plaintiff
350 Camino Gardens Blvd.
Suite 301
Boca Raton, FL 33432
(561) 392-6564


By:_____
ROBERT A. SELIG, ESQ.
FBN: 979635
raselig@seliglaw.com

```
0115
Server: JEREMY R                    Rec: 71
03/24/16 19:08, Swiped   T: 60 Term: 8

QUARTERDECK RESTAURANT
1541 CORDOVA RD
FT LAUDERDALE, FL 33316
(954)524-6163
MERCHANT #:

CARD TYPE        ACCOUNT NUMBER
MASTER CARD      XXXXXXXXXXXX8928
Name: ALEX JESUS PEREZ
00 TRANSACTION APPROVED
AUTHORIZATION #: 110587
Reference: 0324010000115
TRANS TYPE: Credit Card SALE

CHECK:                    63.57

TIP:                       .

TOTAL:                     .


X_____  _____


PHONE: (    )      -
***Duplicate Copy***

ARDHOLDER WILL PAY CARD ISSUER ABOVE
MOUNT PURSUANT TO CARDHOLDER AGREEMENT
LOW COPY TO GUEST
```

EXHIBIT "1"